# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARTIS SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:16CV280 RLW |
| VAUGHAN FOODS, INC., et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Vaughan Food, Inc.'s Motion to Dismiss Count III and Count XI of Plaintiff's First Amended Complaint (ECF No. 41). The motion is fully briefed and ready for disposition.

## Background

This action arises from romaine lettuce allegedly contaminated with E.coli 0157:H7. Defendant Vaughan Foods, Inc. ("Vaughan") supplied romaine lettuce to Schnuck Markets, Inc. ("Schnucks") for use in Schnucks salad bars. Plaintiff Chartis Specialty Insurance Company ("Chartis") is the insurer and assignee of Schnucks. The parties understood that the lettuce would be used in Schnucks salad bar locations and sold for human consumption to the general public. In late 2011 or early 2012, Vaughan delivered romaine lettuce to Shnucks, and Schnucks placed the lettuce in its salad bars at various locations. According to Plaintiff, the lettuce was contaminated with E.coli 0157:H7, resulting in illnesses to people residing in several states. Plaintiff filed a Complaint in in the Circuit Court of St. Louis County, Missouri against Defendant Vaughan and Defendant C&E Farms, Inc., which supplied Vaughan with romaine lettuce directly from its farms. Defendants removed the case to federal court on the basis of

diversity jurisdiction. On June 22, 2016, Plaintiff Chartis filed a First Amended Complaint, alleging 12 counts against the Defendants, including various breaches of warranties, negligence, strict liability, breach of contract, and breach of indemnity. (First Amended Compl., ECF No. 39) Specific to the present motion, Plaintiff brought claims for breach of implied warranty of fitness for a particular purpose (Count III) and breach of contract (Count XI) against Defendant Vaughan.

## Legal Standards

With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most

2

favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

## **Discussion**

In its motion to dismiss, Defendant Vaughan argues that Plaintiff's claim for breach of implied warranty for a particular purpose should be dismissed because the lettuce was used for its normal and ordinary purpose, human consumption for salads, and not for any particular purpose. Plaintiff, on the other hand, contends that the lettuce was used for the particular purpose of being sold in a raw, unprepared state in Schnucks salad bars. A claim for breach of implied warranty of fitness for a particular purpose exists:

> [w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods there is unless excluded or modified under section 400.2-316 an implied warranty that the goods shall be fit for such purpose.

Mo. Rev. Stat. § 400.2-315. As described in comment 2 of the statute, a "'particular purpose' is different from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business." Mo. Rev. Stat. § 400.2-315 at comment 2. When determining whether a product is used for a unique, as opposed to ordinary,

3

purpose, "the key inquiry is not whether anyone else can be found who puts the goods to the same use, but whether the buyer's use is sufficiently different from the customary use of the goods to make it not an ordinary use of the goods." *Ingram River Equip., Inc. v. Pott Indus., Inc.*, 816 F.2d 1231, 1233-34 (8th Cir. 1987); *see also Howard Constr. Co. v. Bentley Trucking, Inc.*, 186 S.W.3d 837, 843 (Mo. Ct. App. 2006) (stating that a claim for breach of implied warranty of fitness for a particular purpose requires sufficient evidence to create a question of fact whether the purchaser intended to use concrete sand for any particular purpose outside the ordinary use, which was to make concrete).

In the instant case, the Court finds that Plaintiff is unable to state a claim for breach of implied warranty of fitness for a particular purpose. As Defendant Vaughan notes, lettuce is ordinarily sold in its raw form and consumed in salads. Nothing in Plaintiff's First Amended Complaint or in its response in opposition to the motion to dismiss disputes this notion. While Plaintiff attempts to convert the use of lettuce to something unique by virtue of its sale in Schnucks salad bars, the Court finds that the location does not alter the ordinary use of the lettuce, which is sold in its raw state and consumed in salads. Indeed, the First Amended Complaint states on its face that Vaughan should have known "that the produce was intended for a particular purpose, including commercial resale and **consumption by end consumers**." (FAC ¶ 42) (emphasis supplied) Because Plaintiff has failed to demonstrate that the lettuce was purchased for a special purpose, the Court will grant Defendant's motion to dismiss Count III of Plaintiff's First Amended Complaint. *See Doe v. Miles, Inc.*, No. ED75100, 2000 WL 667383, at * 7 (Mo. Ct. App. May 23, 2000) ("a breach of the implied warranty of fitness for a particular purpose may not be established without substantial evidence that the article or product was

bought for a purpose that was special or 'particular' to the buyer and distinct from the article's or product's ordinary purpose.").

With regard to Plaintiff's breach of contract claim, Defendant argues that the claim should be dismissed because the complaint does not state any facts that could present a plausible claim for breach of contract under the UCC. Plaintiff asserts that discovery is required to determine whether Schnucks justifiably revoked its acceptance pursuant to delivery and that Plaintiff suffered more than economic loss, as Plaintiff was forced to dispose of the lettuce because of Vaughan's alleged breach.

"Under Missouri law, remedies for economic loss sustained by reason of damage to or defects in products sold are limited to those under the warranty provisions of the UCC." *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 130-31 (Mo. 2010) (citation omitted). The remedies for a breach of contract under the UCC are available to a buyer "[w]here the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved." Mo. Rev. Stat. § 400.2-711. With respect to breach of warranty claims, remedies "are available to a buyer who has finally accepted goods, but discovers that the goods are defective in some manner." *Renaissance Leasing*, 322 S.W.3d at 131 (citing Mo. Rev. Stat. § 400.2-714).

Defendant asserts that Plaintiff received and accepted the delivery of the romaine lettuce and that Plaintiff does not allege that Vaughan failed to make a delivery or repudiated its obligation under the purchase order. Further, Defendant contends that Plaintiff fails to allege that Schnucks properly rejected a delivery or revoked acceptance of the delivery. Plaintiff maintains that the face of the complaint sufficiently indicates revocation of acceptance.

5

The Court finds that Plaintiff is unable to state a claim for breach of warranty. While the First Amended Complaint states that Defendant Vaughan failed to supply produce, it refers to the condition of the produce and not a failure to deliver. (FAC ¶ 100(a)) Further, nothing in the complaint states that Schnucks justifiably revoked acceptance of the goods. To the contrary, Plaintiff's suit stems from the fact that it accepted the lettuce and later learned that the lettuce was defective due to the alleged contamination. Plaintiff's "contract claims are subsumed by their breach of warranty claims for damages under section 400.2-714," which are set forth in Counts I, II, and IV of the First Amended Complaint. *Id.* at 131. Thus, Plaintiff's claim for breach of contract fails as a matter of law.[1] *Id.* "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Therefore, the Court will dismiss Plaintiff's breach of contract claim set forth in Count XI.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Vaughan Foods, Inc.'s Motion to Dismiss Count III and Count XI of Plaintiff's First Amended Complaint (ECF No. 41) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Vaughan Foods, Inc.'s prior Motion to Dismiss (ECF No. 18) is **DENIED** as **MOOT.**

Dated this 1st day of February, 2017.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff attempts to argue, with no support, that the breach of contract claim survives the motion to dismiss because Plaintiff suffered more than economic losses due to the disposing of the lettuce. However, the Court looks to the face of the complaint to determine whether a plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The First Amended Complaint fails to contain any allegations of non-economic losses based on damage to the lettuce.